WIDENER, Circuit Judge,
dissenting:
I respectfully dissent. Although I do not necessarily disagree with the majority’s abstract statement of the law, I am of opinion that the facts of the case require a different application of the law and thus a different result. The majority does not take into account that the government may well have, and probably did, break an agreement entered into with the taxpayers and now seeks court approval of that breaeh[1]Therefore, I would vacate the judgment of the district court.
According to the papers submitted in this case, an IRS Appeals Officer provided plaintiffs’ representative, William F. Park, with the Form 2297 waiver and “instructed him to return two signed copies of the waiver.” The instructions printed on Form 2297 also indicated that the form should be signed in duplicate. Under I.R.C. § 6532(a)(3), the two-year statute of limitations begins running on the date the Form 2297 waiver is “filed.” Park thus fully expected that one of the copies of Form 2297 submitted to the IRS would be date-stamped and returned to him in order to make certain the date on which the waiver was filed. No date-stamped copy of the Form 2297 was ever returned to Park. However, the taxpayers did receive an acknowledgment letter dated December 29, 199U[2] from the IRS indicating that their case had been closed “on the basis agreed upon.”
The district court treated defendant’s motion as a motion to dismiss. However, the district court considered matters outside of the pleadings in reaching its decision. So, *242 the defendant’s motion is viewed as a motion for summary judgment under Fed. R. Civ. Proe. 12(b). As such, the evidence and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
Viewed in the light most favorable to the plaintiffs, the record permits, even if it does not require, a finding of fact that the IRS had entered into an agreement with the taxpayers whereby it would return to them a date-stamped copy of the Form 2297. In addition, the record supports an inference that if a date-stamped copy had been returned, then the taxpayers would have filed their suits within the statutory period. I am of opinion that the government should not be permitted to benefit from its breach of an agreement made with the taxpayers to return a date-stamped copy of Form 2297.
Accordingly, I would vacate the judgment of the district court and allow a jury or other fact finder to determine whether such an agreement was part of the “basis agreed upon,” to use the language of the government in its letter of December 29th.

. As the majority opinion notes, the forms were sent in duplicate to the Appeals Officer of the IRS, "requesting date-stamped copies in order to show receipt."

. The opinion of the district court indicates one letter may have been dated December 27th.
In all events, the cases were filed on December 17, 1996, well within the two year limitations period of December 27th or 29th, 1994.